```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


QUENTIN VAN STEPNEY
                                            PRISONER
     v.                           CASE NO.   3:11CV1782(SRU)

WARDEN SEMPLE, ET AL.
```

### RULING ON MOTION FOR LEAVE TO FILE AMENDED PETITION

Quentin Van Stepney brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his 2003 convictions for sexual assault and risk of injury to a minor. Pending before the court is the Van Stepney's motion for leave to file an amended petition.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254 "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Federal Rules of Civil Procedure 15(a)(1)(A) provides that a party  may amend his pleading once as of right "within 21 days after serving" the pleading.  Courts have consistently applied Rule 15, Fed. R. Civ. P. to habeas petitions. *See Mayle v. Felix*, 545 U.S. 644, 654-55 (2005); *Fama v. Comm'r of*

*Corr'l Servs.*, 235 F.3d 804 (2d Cir. 2000); *Charriez v. Greiner*, 265 F.R.D. 70, 79 (E.D.N.Y. 2010).

On March 12, 2012, the court issued an order to show cause directing the Clerk to serve the petition for writ of habeas corpus and show cause order on respondents' representative Jo Anne Sulik, Supervisory Assistant State's Attorney. On August 24, 2012, Attorney Sulik filed a motion to dismiss the petition. Van Stepney's motion to amend is dated September 17, 2012 and was file-stamped by the Clerk on September 25, 2012. Because Van Stepney's motion seeking to file an amended petition was filed more than twenty-one days after service of the petition, he may not amend as of right. After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Van Stepney contends that he should be permitted to file an amended petition to "clarify the legal issues." Mot. Amend at 1. The proposed amended petition changes the first ground of the petition from a state law evidentiary claim to a federal Sixth Amendment Right to Confrontation Claim. It is unclear whether the Van Stepney is revising the second ground for relief which is an ineffective assistance of trial counsel claim. The court concludes that interests of justice require allowance of an amended petition. Because it is unclear from the proposed amended petition how Van Stepney seeks to clarify and/or revise his claims, the court directs Van Stepney to file a Second Amended Petition for Writ of Habeas Corpus on a court form.

**Conclusion**

The Motion for Leave to File an Amended Petition **[Doc. No. 18]** is **GRANTED. The Clerk is directed to send Van Stepney an Amended Section 2254 Petition form with a copy of this ruling.** Van Stepney shall use the enclosed habeas form to file a Second Amended Petition. **For each ground for relief, Van Stepney must clearly state that facts supporting each ground.** *See* Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts ("The petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested. . . .") **Referring the court to a state court appellate brief is insufficient to satisfy this requirement.**

The Second Amended Petition must be filed within **twenty days** of the date of this order. If Van Stepney fails to file a Second Amended Petition within the time specified, the case will proceed only on the grounds in the original petition for writ of habeas corpus. (*See* Doc. No. 1.)

SO ORDERED this 5th day of March 2013, at Bridgeport, Connecticut.

                         /s/ Stefan R. Underhill
                               Stefan R. Underhill
                               United States District Judge