**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| QUENTIN VAN STEPNEY, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 3:11-cv-1782 (SRU) |
| | : | |
| WARDEN SEMPLE, | : | |
| Respondent. | : | |

**RULING DENYING RESPONDENT'S MOTION TO DISMISS**
**AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Quentin Van Stepney, an inmate currently confined at Corrigan-Radgowski

Correctional Institution in Uncasville, Connecticut, brings this action *pro se* seeking a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  Stepney challenges his 2004 state court convictions

for sexual assault and risk of injury to a minor on two grounds.  The respondent moves to dismiss

the second amended petition, arguing that Stepney has not exhausted his state court remedies

with respect to the second ground for relief.  For the reasons set forth below, the respondent's

motion to dismiss (doc. 29) is DENIED, and this case is stayed to permit Stepney to exhaust his

state court remedies.

**I.      Standard of Review**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of

available state remedies.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. §

2254(b)(1)(A).  The exhaustion requirement seeks to promote considerations of comity between

the federal and state judicial systems.  *Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir. 1982).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and

legal bases of his federal claim to each appropriate state court, including the highest state court

capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and

correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365

(1995) (per curiam) (internal quotation marks and citation omitted).  A federal claim has been

"fairly present[ed] in each appropriate state court, including a state supreme court with powers of

discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v.*

*Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).  A petitioner

"does not fairly present a claim to a state court if that court must read beyond a petition or a brief

. . . that does not alert it to the presence of a federal claim in order to find material . . . that does

so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress

in state court or if the corrective process is so clearly deficient to render futile any effort to obtain

relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).  A petitioner cannot, however,

simply wait until appellate remedies no longer are available and argue that the claim is

exhausted.  *Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir.), *cert. denied*, 544 U.S. 1025

(2005).

## II.    Background

On October 15, 2003, a jury in the Connecticut Superior Court for the Judicial District of

New Britain convicted Stepney of one count of sexual assault in the first degree in violation of

Connecticut General Statutes § 53a-71(a)(1), one count of sexual assault in the second degree in

violation of Connecticut General Statutes § 53a–71(a)(1), and one count of risk of injury to a

minor in violation of Connecticut General Statutes § 53a–21(a)(2).  Amended Pet. Writ Habeas

Corpus at 2.  On January 2, 2004, a Superior Court judge sentenced Stepney to a total effective

sentence of thirty years of imprisonment followed by ten years of special parole.  *State v.*

*Stepney*, 94 Conn. App. 72, 73, n.1 (2006).

On appeal, Stepney asserted that the trial judge erred in admitting statements allegedly

made by the minor victim under the medical treatment exception to the hearsay rule.  *Id.*  On

February 28, 2006, the Connecticut Appellate Court affirmed the judgment of conviction.  *Id.* at

78.  On May 16, 2006, the Connecticut Supreme Court denied the petition for certification to

appeal from the decision of the Connecticut Appellate Court.  *State v. Stepney*, 278 Conn. 911

(2006).

On April 30, 2004, in the Connecticut Superior Court for the Judicial District of Tolland

at Rockville, Stepney filed a petition for writ of habeas corpus claiming ineffective assistance of

trial counsel.  Stepney amended his petition twice.  Resp't's Mot. Dismiss Br., Ex. H, at 5–13.

On November 10, 2009,  after an evidentiary hearing, a Superior Court judge denied the second

amended  petition for writ of habeas corpus.  *Stepney v. Warden*, No. CV040004526S, 2009 WL

4282815 (Conn. Super. Ct. Nov. 10, 2009).  On June 7, 2011, the Connecticut Appellate Court

dismissed the Stepney's appeal from the decision denying the amended state habeas petition.

*Stepney v. Comm'r of Corr.*, 129 Conn. App. 364 (2011).  Stepney did not file a petition for

certification to the Connecticut Supreme Court regarding his petition for ineffective assistance of

trial counsel.

### III.     Discussion

Stepney includes two grounds for habeas relief in his second amended petition.  He

argues that the trial judge erred in admitting the statements of the minor victim under the medical

treatment exception to the hearsay rule, and that trial counsel was ineffective in failing to

investigate and offer into evidence a second DNA report and in failing to adequately cross-

examine the victim.  The respondent moves to dismiss the petition, arguing that Stepney has not

exhausted his state court remedies with respect to his ineffective assistance of counsel claim.

The respondent argues that Stepney did not fairly present his federal constitutional claim

(ineffective assistance of counsel) to the highest state court in Connecticut.  Stepney concedes

that he did not raise his ineffective assistance of counsel claim to the Connecticut Supreme

Court.  Because Stepney's ineffective assistance of counsel claim has not been fairly presented to

the highest state court, it is not exhausted.  *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)

("[T]he exhaustion requirement mandates that federal claims be presented to the highest court of

the pertinent state before a federal court may consider the petition.").  In response to the motion

to dismiss, Stepney argues that he should be excused from exhausting his state court remedies

because the habeas judge did not grant his petition for certification to appeal to the Connecticut

Appellate and Supreme Courts.

On November 17, 2009, after the habeas judge denied the second amended petition for

writ of habeas corpus, Stepney filed a petition for certification to appeal from the decision

pursuant to Connecticut General Statutes §  52-470(b).  Resp't's Mot. Dismiss Br., Ex. H, at

60–61.  On November 23, 2009, the judge denied the petition for certification.  *Id.*  On December

1, 2009, Stepney filed an appeal of the habeas judge's decision with the Connecticut Appellate

Court.  *Id.* at 62.  On June 7, 2011, the Connecticut Appellate Court dismissed Stepney's appeal

from the decision denying the amended state habeas petition.  *Stepney*, 129 Conn. App. at 368.

Stepney then had twenty days to file a petition for certification with the Connecticut Supreme

Court.  Conn. Practice Book § 84-4 ("petition for certification shall be filed within twenty days of

. . . the date" of official release of appellate court decision).  The petitioner did not file a petition

for certification.

The Connecticut Appellate and Supreme Courts have consistently held that the

requirement that a habeas petitioner seek certification to appeal a decision denying or dismissing

his petition limits the scope of review by the Connecticut Appellate and Supreme Courts rather

than the jurisdiction of those courts.[1]  *See Simms v. Warden*, 230 Conn. 608, 615 (1994)

("legislature intended the certification requirement [of § 52-470(b)] only to define the scope of

our review and not to limit the jurisdiction of the appellate tribunal"); *Logan v. Comm'r of Corr.*,

125 Conn. App. 744, 750 (2010) ("Our Supreme Court has explained that . . . § 52-470(b) acts as

a limitation on the scope of review, and not the jurisdiction, of the appellate tribunal."), *cert.*

---

[1]  Connecticut General Statutes § 52-470 provides in pertinent part:
>       (g) No appeal from the judgment rendered in a habeas corpus
>       proceeding brought by or on behalf of a person who has been
>       convicted of a crime in order to obtain such person's release may
>       be taken unless the appellant, within ten days after the case is
>       decided, petitions the judge before whom the case was tried or, if
>       such judge is unavailable, a judge of the Superior Court designated
>       by the Chief Court Administrator, to certify that a question is
>       involved in the decision which ought to be reviewed by the court
>       having jurisdiction and the judge so certifies.

This subsection (g), formerly appeared in Connecticut General Statutes § 52-470 as
subsection (b).  Public Act 12-115, effective October 1, 2012,  re-designated subsection
(b) as subsection (g).

*denied*, 300 Conn. 918 (2011) (citation omitted).  Thus, the fact that the trial court denied the

petition for certification to appeal the decision denying Stepney's habeas petition did not deprive

the Connecticut Appellate or Supreme Courts of jurisdiction to consider or review an appeal of

that decision.  *See Rivera v. Comm'r of Corr.*, 245 Conn. 901 (1998) (granting certification to

appeal decision of Connecticut Appellate Court on whether the Appellate Court properly

concluded that the habeas court did not abuse its discretion in denying certification to appeal);

*Simms*, 230 Conn. at 612 (a petitioner may obtain appellate review of the merits of the denial of

his habeas petition if he can demonstrate that the denial of the petition "constituted an abuse of

discretion" by the habeas court and can also "demonstrate that the judgment of the habeas court

should be reversed on its merits") (citation omitted).  Thus, Stepney's argument that the denial of

his petition for certification to appeal the denial of his habeas petition precluded any further

review of the decision by the Connecticut Appellate or Supreme Courts is misplaced.

Even if a claim has not been exhausted in state court, a federal court may deem it

exhausted if it determines that the state judicial system provides no available avenue for review

of the claim.  *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (if a claim is not exhausted

because it has never been raised in a state court, "a federal court may theoretically find that there

is an absence of available corrective process if it is clear that the unexhausted claim is

procedurally barred by state law and, as such, its presentation in the state forum would be

futile").  The ineffective assistance of counsel claim in the present amended petition has not been

exhausted because Stepney may still raise that claim before the state appellate courts.  *See* Conn.

Practice Book § 60-2 (providing that the court may permit a party, for good cause shown, to file a

late petition for certification); *Janulawicz v. Comm'r of Corr.*, 310 Conn. 265, 273–74 (2013) ("a

review of petitions for certification filed in the last twenty years reveals that we routinely grant

motions for permission to file late petitions whenever it appears that there is a reasoned basis for

doing so"). Thus, because Stepney's ineffective assistance of counsel claim is not procedurally

barred in state court, it has not been exhausted for the purposes of federal review.

Because there is no basis to excuse the exhaustion process, Stepney's petition is a mixed

petition containing one exhausted claim and one unexhausted claim. Traditionally, a mixed

petition is dismissed without prejudice to refiling another section 2254 habeas corpus petition

after all claims have been exhausted at the state level. *See Slack v. McDaniel*, 429 U.S. 473, 486

(2000). In light of the one-year limitations period for filing a federal habeas action, the Second

Circuit has directed the district court not to dismiss a mixed petition if an outright dismissal

would preclude the petitioner from having all of his claims addressed by the federal court.

*Zarvela v. Artuz*, 254 F.3d 374, 380–83 (2d Cir. 2001) (noting the district court should stay

exhausted claims and dismiss unexhausted claims with direction to timely complete the

exhaustion process and return to federal court); *see also Rhines v. Weber*, 544 U.S. 269, 276–79

(2005) (affirming the stay and abeyance approach to mixed habeas corpus petitions). Thus, the

district court must determine whether a stay is appropriate under the circumstances.

The limitations period begins to run when the conviction underlying a petition becomes

final and is tolled while a properly filed application for post-conviction relief is pending in state

court. 28 U.S.C. § 2244(d). The limitations period for Stepney's petition began to run on

August 15, 2006, the day after the ninety-day period of time within which he could have filed a

petition for certiorari with the U.S. Supreme Court directly appealing his conviction. *See*

*Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.) (holding in case where petitioner had appealed to

state's highest court, direct appeal also included filing petition for writ of certiorari in Supreme

Court or the expiration of time within which to file such a petition), *cert. denied*, 534 U.S. 924

(2001).  The limitations period was tolled during the pendency of Stepney's state habeas petition,

which was filed on April 30, 2004, prior to the disposition of the direct appeal of his conviction.

Because Stepney did not file a petition for certification to the Connecticut Supreme

Court, his state habeas petition became final and the limitations period for submitting a federal

petition began to run on June 27, 2011, at the expiration of the twenty-day period within which

Stepney could have filed a petition for certification with the Connecticut Supreme Court.  Conn.

Practice Book § 84-4.  The present petition was filed on October 13, 2011.[2]  Thus, a total of 107

days of the one-year statute of limitations expired before Stepney filed his federal habeas corpus

petition.  The filing of a federal habeas corpus petition, however, does not toll the one-year

limitations period.  Accordingly, the one-year limitations period for filing a federal habeas

petition has expired, and if the court were to dismiss Stepney's petition without prejudice to

Stepney exhausting his state remedies with respect to his unexhausted claim of ineffective

assistance of counsel, he would be time-barred from re-filing a habeas petition in this court on

that claim.

Stepney has presented evidence that his appellate attorney informed him in writing in

June 2011 that he would file a petition for certification with the Connecticut Supreme Court

---

[2]  Stepney's federal petition for a writ of habeas corpus was filed in this court on October
13, 2011, the date Stepney signed his application to proceed *in forma pauperis*, which
accompanied his petition, and presumably submitted the *in forma pauperis* application and
petition to prison officials for mailing to the court.  *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir.
1993) (holding that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives
the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S.
266, 270 (1988)).

seeking to appeal the Connecticut Appellate Court's denial of Stepney's state habeas petition. Obj. Mot. Dismiss, Ex. 1.  Stepney claims that in reliance on the representation of his appellate counsel, he assumed his ineffective assistance of counsel claim had been fully exhausted when he filed his federal petition in October 2011.  Thus, Stepney had good cause for his failure to fully exhaust his ineffective assistance of counsel claim.  *See Schouenborg v. Superintendent*, No. 08-CV-2865(JS), 2013 WL 5502832, at *10 (E.D.N.Y. Sept. 30, 2013) ("Even without a precise definition of good cause, there is a general consensus that an ineffective assistance of counsel claim itself is good cause.") (internal quotation marks and citations omitted).  In addition, it is unclear at this point in time, that the ineffective assistance of counsel claim is "plainly" lacking in merit.  *Rhines*, 546 U.S. at 277 (stay is only appropriate if the petitioner had good cause for failure to exhaust claim and can demonstrate claim is not "plainly meritless").

Accordingly, this case is stayed to permit Stepney to complete the exhaustion process. Stepney must file a motion to lift the stay within thirty (30) days after completion of the exhaustion process in state court.

**IV.    Conclusion**

The Respondent's Motion to Dismiss the Amended Petition for Writ of Habeas Corpus (doc. 29) is **DENIED**.  This case is stayed to permit exhaustion of Stepney's ineffective assistance of counsel claim, provided Stepney files a petition for certification with the Connecticut Supreme Court no later than **November 3, 2014**.  Stepney must file a motion to lift the stay within thirty (30) days after he has fully exhausted all available state court remedies with

respect to all grounds in his amended petition.[3]

Jurists of reason would not find it debatable that Stepney did not exhaust his state court remedies with regard to all grounds in his section 2254 petition.  Thus, a certificate of appealability will not issue.  *Slack*, 529 U.S. at 484 (holding when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

It is so ordered.

Dated this 18th day of September 2014, at Bridgeport, Connecticut.

                                        /s/ STEFAN R. UNDERHILL
                                        Stefan R. Underhill
                                        United States District Judge

---

[3] Alternately, Stepney may proceed solely on his exhausted claim for relief.  If he chooses to proceed only on that claim, he must file a motion to withdraw his unexhausted claim.  Stepney is cautioned, however, that if he proceeds only on his exhausted claims with the intention of presenting the unexhausted claim to this court after it has been exhausted, he will run the risk that any such subsequent petition will not be considered by this court because it will be treated as a second or successive petition.  *See* 28 U.S.C. § 2244(b).