UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUENTIN VAN STEPNEY, : | |
| Petitioner, : | |
| : | PRISONER |
| v. : | CASE NO. 3:11-cv-1782 (VAB) |
| : | |
| SEMPLE, : | |
| Respondent. : | |

**RULING ON SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Quentin Van Stepney, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for sexual assault on the grounds that he was denied his right to confront the victim and denied effective assistance of counsel. For the reasons that follow, the petition is DENIED.

I.   Procedural Background

Following a jury trial in the Connecticut Superior Court for the Judicial District of New Britain, Mr. Stepney was convicted of sexual assault in the first degree, sexual assault in the second degree, and risk of injury to a child. He was sentenced to a total effective term of imprisonment of thirty years, followed by ten years of special parole. *State v. Stepney*, 891 A.2d 67, 68 & n.1 (Conn. App. Ct. 2006).

Mr. Stepney appealed his conviction on the ground that the trial court improperly admitted statements allegedly made by the minor victim under the medical treatment exception to the hearsay rule. The Connecticut Appellate Court affirmed the conviction, *id.* at 71, and the Connecticut Supreme Court denied certification to appeal, *State v. Stepney*, 899 A.2d 40 (Conn.

2006).

In 2004, while his direct appeal was pending, Mr. Stepney filed a petition for writ of habeas corpus in state court. Counsel was appointed to represent Mr. Stepney on his claim that trial counsel was ineffective. On November 10, 2009, the state court denied the petition. *Stepney v. Warden*, No. CV040004526S, 2009 WL 4282815 (Conn. Super. Ct. Nov. 10, 2009). The Connecticut Appellate Court dismissed the appeal. *Stepney v. Commissioner of Correction*, 19 A.3d 1262, 1263, 1264 (Conn. App. Ct. 2011). Mr. Stepney did not seek certification from the Connecticut Supreme Court immediately.

On November 15, 2011, Mr. Stepney filed this action in federal court challenging his conviction on two grounds. First, he argued that the trial court improperly admitted statements made by the minor victim under the medical treatment exception to the hearsay rule and that the state court thereby violated his rights under the Confrontation Clause. Second, he contended that trial counsel was ineffective. *See* ECF No. 1 at 9, 11. The respondent moved to dismiss the petition on the ground that Mr. Stepney had not fully exhausted his ineffective assistance of counsel claim. ECF No. 14. In response, Mr. Stepney moved for leave to amend. ECF No. 18. The court granted leave to amend. ECF No. 26. Mr. Stepney filed two amended petitions which asserted the same two grounds for relief as the original petition. *See* ECF No. 19, ECF No. 27.

The respondent then renewed his motion to dismiss, arguing again that Mr. Stepney failed to exhaust his ineffective assistance of counsel claim. ECF No. 29. On September 18, 2014, the Court denied the motion to dismiss and stayed the case to enable Mr. Stepney to return to state court and complete the exhaustion process. ECF No. 32. Mr. Stepney filed a petition for certification, which the Connecticut Supreme Court denied on December 17, 2014. *Stepney v. Commissioner of Correction*, 105 A.3d 236 (Conn. 2014). Mr. Stepney then moved to lift the

stay in this action. ECF No. 33. The Court granted the motion. ECF No. 34. On February 28, 2015, the respondent filed a memorandum addressing the merits of Mr. Stepney's amended petition. ECF No. 39.

II.     Factual Background

The Connecticut Appellate Court determined that the jury reasonably could have found the following facts. On the afternoon of September 12, 2002, the victim, a fifteen-year-old girl, was at home alone. While she was speaking to a friend on the telephone, Mr. Stepney rang the doorbell. The victim was acquainted with Mr. Stepney; he had performed some handyman services for her mother and knew the friend with whom she was speaking on the telephone. Mr. Stepney asked to enter the home to use the bathroom. The victim allowed Mr. Stepney to speak to her friend on the telephone and permitted him to enter the home. *Stepney*, 891 A.2d at 68-69.

Upon entering the home, Mr. Stepney asked the victim to research something for him on her computer. When Mr. Stepney left the bathroom, the victim was in her bedroom using her computer. Mr. Stepney entered the bedroom. He exposed his penis and told the victim that "there was 'something he has been wanting to do, but … never got the chance to.'" *Id.* at 69. When the victim tried to leave the room, Mr. Stepney forcibly prevented her from leaving. He struck the victim, pushed her onto the bed, and pulled her pants and underwear to her knees. The victim protested verbally and physically. Mr. Stepney partially inserted his penis into the victim's vagina and performed cunnilingus on her. Mr. Stepney took possession of a photograph that was in the room and, before leaving the victim's home, threatened to "'get back'" at her if she told anyone about what had occurred. *Id.*

III.    Standard of Review

A federal court will entertain a petition for writ of habeas corpus challenging a state court

conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002). Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) ("[C]learly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions.") (internal quotation marks and citations omitted). Second Circuit case law which does not have a counterpart in Supreme Court jurisprudence cannot provide a basis for federal habeas relief. *See Renico v. Lett*, 559 U.S. 766, 778-79 (2010) (holding that court of appeals erred in relying on its own decision in a federal habeas action).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or decides a case differently than the Supreme Court did on "materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694

(2002).  A state court unreasonably applies Supreme Court law when it correctly identifies the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (federal habeas relief warranted only where the state criminal justice system has experienced an "extreme malfunction"); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (objective unreasonableness is "a substantially higher threshold" than incorrectness).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is "highly deferential" and "difficult to meet").  The presumption of correctness, which applies to "historical facts, that is, recitals of external events and the credibility of the witnesses narrating them[,]" will be overturned only if "the material facts were not adequately developed" by the state court or if "the factual determination is not fairly supported by the record."  *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999) (internal quotation marks and citation omitted).

In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  *Pinholster*, 131 S. Ct. at 1398-99.  Because collateral review of a conviction applies a different standard than the direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition.  *Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993).

IV.     Discussion

The petitioner challenges his conviction on two grounds. First, he argues that because a nurse testified after the victim and recounted information about the incident relayed by the victim, he was denied his constitutional right to confront the victim regarding this testimony. Second, the petitioner argues that trial counsel was ineffective.

    A.     Confrontation Clause

Stepney states his first ground for relief in the second amended petition as: "Did the court err by admitting the hearsay statements of the child complainant under the medical treatment and advice exception through the testimony of the nurse." ECF No. 27 at 9. In the first amended petition, however, he argues that this action denied him his Sixth Amendment right to confrontation. *See* ECF No. 9 at 9. The Court construes this ground for relief to challenge the evidentiary decision as violating Stepney's rights under the Confrontation Clause. The respondent contends that this ground for relief asserts only a state law issue that is not cognizable under 28 U.S.C. § 2254.

The Connecticut Appellate Court recounted the following regarding the nurse's testimony. Later in the day, the victim told her mother and others what had happened. That evening, she was brought to the hospital where she was examined by a certified sexual assault nurse examiner. The nurse testified at trial that she had interviewed and examined the victim at the hospital for the purpose of providing medical treatment to the victim. The examination included use of a sexual assault crime kit to examine the victim's body for evidence. *Stepney*, 891 A.2d at 69.

At trial, the prosecutor asked the nurse to relate what she learned from her interview with the victim. The following exchange occurred.

"[The Prosecutor]:  And did [the victim] describe to you the sexual assault?

"[The Witness]:  Yes, she did.

"[The Prosecutor]:  And what did [the victim] tell you?

"[The Witness]:  She–she told me that she was home alone, and a man by the name of Q, whom she knew, she referred to him as her girlfriend's coach, had come into the house, actually she didn't want to let him in because her mother had given her very strict rules not to let anybody into the house when nobody was home.  But he got into the house, he kind of–she told me that he pushed her out of the way, kind of in like a playful manner, and asked her if he could use the bathroom and also wanted her to go onto the Internet to get some type of, she referred to it as some type of a painting that he wanted to look at.  He said to her, don't worry about [it]; it's going to be okay with your mother.  So, he kind of pushed her out of the way and let [himself] in.

   "She then proceeds to tell me that she went into the bedroom where her computer is and tried to get this painting that she referred to his name as Q wanted, and then Q also asked to use the bathroom, so he went into the bathroom and she had gone into the bedroom.  When–Q then, she told me, Q came out of the bathroom and he came into her bedroom, because that's where she was, she was on the Internet, trying to get the material that he wanted from her, and picked up his shirt, and he told me that–she told me that his penis was sticking out of his pants.

   "At that point, she told me that he told her that [he has] always wanted to do this, but never had a chance, and also told me that he put his arms on her shoulders and he kind of pushed her to the bed….

   "She–she then told me that he–he had pushed her on the bed, and he started rubbing his penis in between her legs in like a very kind of motion of going back and forth.  And he also told–she also told me that he took the tip of his penis and tried to put it in her vagina.  And also [she] told me he also had tried to– he took his tongue and also tried to lick her vagina, she told me also.

"[The Prosecutor]:  Now with respect to–with respect to that interview with the victim, what was her demeanor while she's telling you this?

"[The Witness]:  She was very, very, very quiet, you know, and she was very detailed in her explanation to me.  She was very, very detailed.  I didn't–I just asked–I usually ask them what happens–what happened, and she just kept on coming out with more and more, you know, a more and more the interview process and what, I documented that she wrote."

7

*Id.* at 69-70.

Mr. Stepney's attorney objected to this testimony on the ground that it was too detailed regarding the hearsay statements and was not admissible as constancy of accusation evidence. The prosecutor responded that the testimony was not offered as constancy of accusation evidence but rather as statements made by the victim to a medical provider for purpose of seeking medical treatment. The trial court overruled Mr. Stepney's objection. *Id.* at 70.

On direct appeal, Mr. Stepney sought review of his unpreserved claim that the testimony should not have been admitted under the medical treatment exception to the hearsay rule. In his brief, Mr. Stepney conclusorily asserted that because the testimony was inadmissible, his constitutional right to confrontation was violated. The only constitutional analysis presented to the appellate court was contained in Mr. Stepney's reply brief. Although indicating that the arguments raised for the first time in a reply brief were improper, the court nonetheless considered and rejected any claim that Mr. Stepney's right to confrontation had been violated. *Id*. at 70-71 & n.2.

Federal habeas corpus relief is generally not available for errors of state law, including erroneous state court rulings on the admissibility of evidence. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012). A federal court may issue a writ of habeas corpus based upon a state evidentiary error only if the petitioner demonstrates both that the alleged error violated an identifiable constitutional right and that the error was not harmless. To show that the error was of constitutional magnitude, the petitioner must establish both that the ruling was erroneous under state law and that the error denied the petitioner his constitutional right to a fundamentally fair trial. *Perez v. Phillips*, 210 F. App'x 55, 57 (2d Cir. 2006); *cf. McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 73 (2d Cir. 2011)

(erroneously admitted evidence "must have been crucial, critical, [and] highly significant") (quoting *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985)).

Mr. Stepney attempts to bring this claim within the purview of the federal court by claiming a violation of his rights under the Confrontation Clause. He argues that, because the nurse testified after the victim, he was prevented from cross-examining the victim regarding the statements made to the nurse.

Criminal defendants have a constitutional right to confront and cross-examine the witnesses against them. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Cross-examination permits the defendant to elicit facts showing the witness's motive in testifying, bias, or prejudice, and should not be unduly restricted. The jury must receive sufficient information to evaluate the credibility and reliability of the witness. *See Davis v. Alaska*, 415 U.S. 308, 318 (1974). However, the right to confrontation and cross-examination is not absolute. *See Rock v. Arkansas*, 483 U.S. 44, 55 (1987). The Constitution does not guarantee "cross examination that is effective in whatever way, and to whatever extent, the defense might wish." *Van Arsdall*, 475 U.S. at 679 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

Mr. Stepney contends that the admission of the nurse's statements violated the rule of *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, the Court held that admission of out-of-court testimonial statements violated the Confrontation Clause unless the witness was unavailable and the criminal defendant had a prior opportunity to cross-examine that witness. *Id.* at 68-69. However, the Court explained that where "the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id.* at 59 n.9.

In this case, the victim testified at trial and Mr. Stepney had a full and fair opportunity to

cross-examine her. *See* Respondent's Mem., ECF No. 14, App. N, Trial Transcript at 70-79. Following the nurse's testimony, Mr. Stepney could have sought to recall the victim for further cross-examination but did not do so. *See Stepney*, 891 A.2d at 71 n.2 ("[W]hether to allow a recall of a witness for further cross examination is within the discretion of the trial court . . . .") (quoting *State v. Martin*, 825 A.2d 835, 858 (Conn. App. Ct. 2003)). As the victim testified at trial, the introduction of her prior statements did not violate the Confrontation Clause.[1] This Court concludes that the determination of the Connecticut Appellate Court, that Mr. Stepney's constitutional rights were not violated by the introduction of the nurse's testimony, was not an unreasonable application of clearly established federal law as determined by the Supreme Court. Mr. Stepney has not shown that his rights under the Confrontation Clause were violated. Thus, this ground for relief asserts only a state law evidentiary claim which is not cognizable in a federal habeas action under section 2254. The petition for writ of habeas corpus is denied on this ground.

  B.  <u>Ineffective Assistance of Counsel</u>

In his second ground for relief, Mr. Stepney contends that he was denied effective assistance of trial counsel because his attorney did not investigate and offer into evidence a DNA report that excluded Mr. Stepney and failed to cross-examine adequately the victim on discrepancies between her trial testimony and information in the police report. *See* ECF No. 27 at 11.

---

[1] *Crawford* involves only the admission of testimonial statements. 541 U.S. at 68-69. Testimonial statements are statements "procured with the primary purpose of creating an out-of-court substitute for trial testimony." *Michigan v. Bryant*, 562 U.S. 344, 358 (2011). If such a purpose is lacking, the Confrontation Clause is not implicated. *Id.* at 359. Here, the victim's statements were made to obtain medical treatment, not as a substitute for trial testimony. The victim testified at trial. Thus, it does not appear that the nurse's statements were testimonial regarding the victim. The Court need not determine this issue, however. The Confrontation Clause was not violated because the victim testified and Mr. Stepney's cross-examination of the victim was not limited.

An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, the petitioner must demonstrate, first, that counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance caused prejudice to him.  *Id.* at 687-88.  Counsel is presumed to be competent.  Thus, the petitioner bears the burden of demonstrating unconstitutional representation.  *United States v. Cronic*, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong of the *Strickland* test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; the probability must "undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions.  *See Rompilla v. Beard*, 545 U.S. 374, 381 (2005).  To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice.  *Strickland*, 466 U.S. at 700.  Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.  *Id.*

Mr. Stepney raised this ineffective assistance of counsel claim in his state habeas action.  Although the Connecticut Appellate Court did not cite *Strickland*, it applied Connecticut law mirroring the *Strickland* standard.  *See Stepney v. Comm'r of Correction*, 19 A.3d 1262, 1263-64 (2011); *see Early v. Packer*, 537 U.S. 3, 8 (2002) (state court need not be aware of nor cite relevant Supreme Court cases so long as the reasoning and decision do not contradict them).  Moreover, there is no evidence in the record that the Connecticut Supreme Court considered the request for certification under any other standard.

This Court concludes that the state courts applied the correct legal standard and, therefore, that the state court decision does not meet the "contrary to" prong of section

11

2254(d)(1).  Accordingly, this Court must determine whether the state court decision is a reasonable application of *Strickland*.  The question the Court must answer "is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

In support of his petition, Mr. Stepney includes pages from the briefs filed in his appeal to the Connecticut Appellate Court.  The Court assumes that Mr. Stepney is arguing that the state court decisions are an unreasonable application of Supreme Court law because the state courts did not agree with his arguments.

        1.        <u>Failure to Introduce DNA Report</u>

Regarding this claim, the state habeas court made the following findings of fact.  At trial, the prosecution submitted DNA evidence from saliva found on the victim's underwear that matched Mr. Stepney's DNA.  The prosecution's expert testified that this evidence matched Mr. Stepney's DNA with regard to five of six genetic markers.  Mr. Stepney's attorney received a copy of this report, dated September 26, 2003, and shared it with Mr. Stepney before trial.  *Stepney v. Warden*, No. CV040004526S, 2009 WL 4282815, at *2 (Conn. Super. Ct. Nov. 10, 2009).

At the time he represented Mr. Stepney, trial counsel was an assistant public defender.  He had served in that capacity in New Britain since 1998, and for five years in Hartford before that.  By the time he tried Mr. Stepney's case, trial counsel had tried forty-five cases, approximately twelve of which were sexual assault cases.  Thus, trial counsel was an experienced criminal defense attorney.  Trial counsel obtained from the prosecutor all reports, statements and evidence against Mr. Stepney.  One report was a second DNA report dated July

25, 2003. That report, testing a vaginal swab from the victim, did not reveal the presence of any DNA other than that matching the victim. As no male source was attributed to any fluids on the swab, Mr. Stepney was excluded as a donor of any DNA on the vaginal swab. *Id.* at *3.

Trial counsel testified that he was aware of both DNA tests and discussed them with Mr. Stepney. Trial counsel also consulted a DNA laboratory. An expert from the laboratory told trial counsel that Mr. Stepney was "dead in the water" as a result of the positive DNA test. Trial counsel concluded that he would likely not overcome the implication of guilt as a result of the positive saliva DNA test. The state court found trial counsel's statements credible. *Id.*

As trial counsel explained, the sexual assault at issue was not committed by a stranger, but by someone acquainted with the victim. The photograph taken from the victim's bedroom was found in Mr. Stepney's bedroom. The two test results were not inconsistent in that the victim stated that Stepney only attempted vaginal penetration. Thus, counsel made a strategic decision not to present the second DNA test. *Id.*

*Strickland* cautions the courts against viewing the evidence from hindsight and affords substantial deference to counsel's decisions. *See Rompilla*, 545 U.S. at 381. The state court afforded trial counsel's decision the appropriate deference. This Court is required to afford a presumption of correctness to the state court findings, including findings regarding the credibility of witnesses. *See Smith*, 173 F.3d at 76. Mr. Stepney has not shown that the facts were not adequately developed by the state court or that the factual determinations of the state court are not adequately supported by the record. Accordingly, this Court defers to the state court's findings and concludes that the state court decision, that trial counsel's actions were not deficient performance but acceptable trial strategy in light of the "overwhelming evidence of guilt," was reasonable. The petition for writ of habeas corpus is denied on this ground.

### 2. Failure to Challenge Time Discrepancies

Mr. Stepney also argues that trial counsel was ineffective because he failed to cross-examine the victim on discrepancies between her trial testimony and the police report regarding the time of the assault. Trial counsel testified at the habeas hearing that, in sexual assault cases, it was his experience that the ultimate decision of guilt or innocence depends on whether the jury believes the victim or the defendant. He stated that his strategy for cross-examination, therefore, was to focus only on inconsistencies that would cause the jury to question the credibility of the victim. He concluded that inconsistencies in the time of the assault as reported to the police and stated at trial would not cause the jury to question the victim's credibility and, therefore, did not focus on those inconsistencies during his cross-examination of the victim. Trial counsel concluded that where, as here, evidence of guilt was substantial, minor inconsistencies with regard to the time of the assault would not have changed the outcome. In addition to the DNA evidence, the prosecutor presented evidence that the victim knew Mr. Stepney, Mr. Stepney spoke to the victim's friend on the telephone from the victim's home, Mr. Stepney changed his story regarding whether he was at the victim's home, and Mr. Stepney's wife implicated him in the crimes. The state court found this a reasonable exercise of trial strategy. *See Stepney*, 2009 WL 4282815, at *5.

The Court concludes that the state court's analysis is a "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *See Harrington*, 562 U.S. at 105. The petition for writ of habeas corpus is denied on this ground.

### V. Conclusion

The second amended petition for writ of habeas corpus [ECF No. 27] is DENIED. A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court concludes that Mr. Stepney has not made this showing. Thus, a certificate of appealability will not issue.

The Clerk is directed to enter judgment in favor of the respondent and close this case.


**SO ORDERED** this twenty-third day of September 2015, at Bridgeport, Connecticut.


                        /s/ Victor A. Bolden
                        VICTOR A. BOLDEN
                        UNITED STATES DISTRICT JUDGE